# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:04CV421-H

| | |
|---|---|
| SANDRA CAPOUCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM AND ORDER** |
| ) | |
| COOK GROUP, INCORPORATED, ) | |
| VANCE PRODUCTS, INC., d/b/a ) | |
| COOK UROLOGICAL, INC., and ) | |
| COOK MEDICAL, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**THIS MATTER** is before the Court on the pro se Plaintiff's "Motion for Order Compelling Disclosure and Discovery" (document #33) filed February 15, 2006; and the Defendants' "Response ..." (document # 37) filed March 6, 2006. The Plaintiff has not filed a reply brief in support of her Motion and the time for filing a reply has expired.

On August 25, 2004, the Plaintiff, then represented by James Elliott Field, filed her Complaint alleging quid pro quo sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 28 U.S.C. § 2000e ("Title VII").

Relevant to the subject motion, on March 10, 2005, the undersigned entered a "Pretrial Order and Case Management Plan," setting the discovery deadline for September 26, 2005, and the dispositive motions deadline for March 24, 2006. See document #17. The Pretrial Order also provided that all discovery was to be commenced "sufficiently in advance of the discovery completion deadline so as to comply with th[at] Order." Id. at 2.

Despite the Pretrial Order's directive to the contrary, however, Plaintiff's former counsel acknowledged in his "Motion for Extension of Time" filed three days before the discovery period was to end that he had just begun to conduct discovery that day (September 23, 2005), that is, by serving his first (and only) written discovery requests on defense counsel.

Rather than have the Court rule on the merits of a discovery extension, the parties' counsel agreed that the Defendants would respond to certain of the Plaintiff's discovery requests out of time. Accordingly, on October 14, 2005, the Plaintiff's first Motion for Extension of Time was denied as moot. See "Order" (document #24).

Less than a month later, on October 19, 2005, and with his client's signed consent, Mr. Field moved to withdraw from further representation of the Plaintiff. See document #25.

On October 21, 2005, the undersigned granted Mr. Field's Motion to Withdraw. See "Order" (document #26).

On October 26, 2005, the Plaintiff, then as now proceeding pro se, filed a "Motion for Extension of Time to Complete Discovery," stating that Mr. Field had not communicated with her regarding discovery, that she intended to retain substitute counsel, and that the Defendants had not yet produced discovery responses as agreed; and generally requested an extension of time in which to retain new counsel and complete discovery.

In their brief opposing that Motion, filed November 2, 2005, the Defendants indicated that they intended to serve their discovery responses no later than November 14, 2005, and the Plaintiff has given no indication that the Defendants failed to do so.

On November 21, 2005, the undersigned granted the Plaintiff's Motion and extended the discovery period until February 23, 2006. See "Order" (document #29).

The Court also stated:

The Plaintiff is advised and cautioned, however, that regardless of whether or when she retains new counsel, additional extensions will <u>not</u> be granted. Rather, the Plaintiff will be expected and required to conduct discovery, respond to any further discovery requests from the Defendants, and generally carry out any other duties and responsibilities related to this litigation with all diligence, including complying with the Local Rules, the Federal Rules of Civil Procedure, the Pretrial Order, and other Orders of the Court, on or before the expiration of the extended deadline.

Id. at 3 (emphasis in original).

Despite this clear warning, the Plaintiff did not pursue any further discovery until January 17, 2006, when she presented to the Clerk of Court of the Western District of North Carolina subpoenas duces tecum addressed to nonparties located in other states (six are apparently located in Indiana and the seventh is in Georgia). Clerk's office staff signed the subpoenas, and in her present Motion, the Plaintiff states that she did, in fact, serve those subpoenas on the nonparties, but that they have refused to produce the requested documents.

On January 19, 2006, the Plaintiff served the Defendants with a second "Request for Production of Documents."

The Defendants credibly state that in response to this second request to produce, on February 14, 2006, their counsel mailed responsive documents to the Plaintiff.

On February 15, 2006, and prior to receiving the Defendants' responses, the Plaintiff filed her "Motion for Order Compelling Disclosure and Discovery," in which she seeks an order compelling the Defendants to respond to her second document request and the nonparties to respond to her subpoenas duces tecum.

There is no indication in the record that the Plaintiff served this Motion on the nonparties as required by Fed. R. Civ. P. 7 and Local Rule 7.1. Moreover, as the Defendants point out in their

3

brief, even if the nonparties had been afforded an opportunity to respond to the subject Motion, the subpoenas are otherwise fatally flawed, that is, pursuant to Fed. R. Civ. P. 45, subpoenas issued to nonparties located out-of-state must be issued in the respective federal districts where those nonparties are located. Accord Fed. R. Civ. P. 45(a)(2)(C) ("[a] subpoena must issue as follows ... for production and inspection ... from the court for the district where the production or inspection is to be made); and Parkway Gallery Furniture, Inc. v. Kittinger/Pennsylvania House Group, 116 F.R.D. 363, 365-366 (M.D.N.C. 1987) (obtain production of documents from out-of-state nonparties through issuance of "out-of-district" subpoenas).

In short, because the Defendants have responded to the Plaintiff's second "Request for Production of Documents," and the Plaintiff failed to properly issue the subpoenas which are the subject of the remainder of her Motion, it must and will be denied.

**NOW THEREFORE, IT IS ORDERED:**

1. The Plaintiff's "Motion for Order Compelling Disclosure and Discovery" (document #33) is **DENIED**.

2. The Clerk is directed to send copies of this Memorandum and Order to the pro se Plaintiff; and to counsel for the Defendants.

**SO ORDERED**.

Signed: March 22, 2006

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge